

March 6, 2020

**VIA ECF**

Honorable David N. Hurd
United States District Court
Northern District of New York
10 Broad Street
Utica, NY 13501

Re: <u>Benham v. Technology Partners, LLC,</u> No. 1:20-cv-00132 (DNH-CFH)

Dear Judge Hurd:

    We represent Plaintiff Matthew Benham ("Plaintiff") in the above-captioned case and write in response to Defendant Technology Partners, LLC ("Defendant")'s letter motion, dated March 5, 2020, requesting a pre-motion conference to dismiss the complaint on grounds of personal jurisdiction or, in the alternative, to transfer venue. For the following reasons, Defendant's request should be deferred until such time as Plaintiff has filed an Amended Complaint as of right under Fed. R. Civ. P. 15(a)(1)(B). Further, Plaintiff respectfully requests that the Court enter a scheduling order to permit Plaintiff to conduct limited jurisdictional discovery before the filing of Defendant's proposed motion to dismiss.

**A.**     **Background**

    This is a copyright infringement action under 17 U.S.C. § 501 involving Defendant's unlawful expropriation of a copyrighted photograph owned by Plaintiff. Defendant owns and operates the website www.imagineteam.com where the photograph was displayed without Plaintiff's authorization.

    Plaintiff a resident of North Carolina but elected to file suit in this District to avail himself of appropriate legal assistance. Defendant is a foreign limited liability company with a place of business in Slingerlands, New York. Whether it maintains headquarters elsewhere, Defendant is essentially at home in New York where it maintains a robust centralized office, is registered to do business, hosts events catering to New York residents, sponsors retail operations, and generates substantial business revenues from New York consumers.

**B.**     **General Jurisdiction**

    General jurisdiction over a foreign corporation may be found under CPLR § 301 if that corporation "has engaged in such a continuous and systematic course of 'doing business' here that a finding of its 'presence' in this jurisdiction is warranted." *Landoil Resources Corp. v. Alexander & Alexander Servs.*, 77 N.Y.2d 28, 33, 563 N.Y.S.2d 739, 565 N.E.2d 488 (1990).





Before the Supreme Court's ruling in *Daimler AG v. Bauman*, 571 U.S. 117, 134 S.Ct. 746, 187 L.Ed. 2d 624 (2014), a foreign corporation registered to do business in New York was subject to general jurisdiction as a matter of law. *See Iyalla v TRT Holdings, Inc.*, No. 04-cv-8114 (NRB), 2005 WL 1765707, at *3 (S.D.N.Y. July 25, 2005). Since *Daimler*, however, the bar has been raised and plaintiff must now show that PopSugar's operations in New York are "so substantial and of such a nature as to render the corporation at home" in the state. *Daimler AG*, 134 S.Ct. at 761, n. 19. In assessing the extent of a foreign corporation's contacts in New York, the court examines those contacts "not in isolation but in the context of the company's overall activity: the general jurisdiction inquiry 'does not focus solely on the magnitude of the defendant's in-state contacts,' but 'calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide.'" *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016) (quoting *Daimler,* 134 S.Ct. at 762 n. 20). The Second Circuit's holding in *Brown* does not foreclose the possibility of the Court's finding of general jurisdiction in this case. Rather, it invites a more fact-specific inquiry about the Defendant's overall business activity; thereby warranting jurisdictional discovery. *See In re Magnetic Audiotape Antitrust Litig.,* 334 F.3d 204, 208 (2d Cir.2003) (instructing district court to permit jurisdictional discovery before granting motion to dismiss based on fact-sensitive, multi-factor test).

Here, Plaintiff can meet his burden of showing that this is an "exceptional case" which warrants the Court's exercise of general jurisdiction over Defendant. However, because Defendant is a private company, Plaintiff does not have the information in his possession to assess the extent of Defendant's New York operations relative to the company's worldwide activity. A routine Google search reveals that Defendant's New York office is more than just a satellite or "branch" office. It appears to be a major hub of Defendant's overall business activities. Under these circumstances, jurisdictional discovery is warranted to determine whether Defendant's substantial New York operations subject it to general jurisdiction.

**C.** **<u>Specific Jurisdiction</u>**

Defendant's website demonstrates that it is interactive - rather than passive - and permits New York residents to sign up for products and services by clicking on interactive links. *See, e.g., City of New York v. Cyco.Net, Inc.*, 383 F.Supp.2d 526, 542 (S.D.N.Y. 2005) (determining that court could exercise personal jurisdiction pursuant to CPLR § 302(a)(1) because the defendant "engaged in purposeful activities in New York vis-a-vis its interactive web-site."); *ISI Brands, Inc. v. KCC Intern, Inc.*, 458 F.Supp.2d 81, 86 (E.D.N.Y. 2006) ("Websites that are of a commercial nature and permit consumers to place orders and e-mail questions, can confer personal jurisdiction pursuant to section 302(a)(1)"); *Student Advantage, Inc. v. Int'l Student Exch. Cards, Inc.*, No. 00 Civ.1971, 2000 WL 1290585, *12 (S.D.N.Y. Sept. 13, 2000) (finding transaction of business in New York where out-of-state website permitted New York viewer to purchase products by providing payment and shipping information online); *see also* Pearson Educ., Inc. v. Shi, 525 F.Supp.2d 551, 556 (S.D.N.Y.2007) ("Personal jurisdiction has been found when out-of-state defendants allegedly have sold copyright-infringing merchandise over the Internet to customers in New York.")

Thus, the question is whether the infringing material was accessed by New York residents. Once again, Defendant possesses exclusive access to such information. Before a



motion to dismiss is adjudicated, Plaintiff should be accorded the opportunity to conduct limited jurisdictional discovery to determine where the infringing content was uploaded or managed in New York and whether New York residents accessed it. *In re Magnetic,* 334 F.3d at 208.

**D.** <u>Venue</u>

If the Court finds that jurisdiction is proper, then venue is also proper. *See* 28 U.S.C. § 1400(a) (venue for claims under the Copyright Act is "proper in any district where the defendant or his agent resides or may be found."); 28 U.S.C. § 1391(b)(1) (for a corporate defendant, venue lies in "a judicial in which any defendant resides" which under § 1392(c)(2) is in "any judicial district in which such defendant is subject to the court's personal jurisdiction.").

Defendant's proposed alternative motion to transfer venue under 28 U.S.C. § 1404(a) should be denied. First, a plaintiff's choice of forum is accorded "great weight." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Ford Motor Co. v. Ryan*, 182 F.2d 329, 330 (2d Cir. 1950). "Even foreign plaintiffs . . . are entitled to some deference in their choice of forum where it was motivated by legitimate reasons." *Tomita Technologies USA, LLC v. Nintendo Co. Ltd.,* 818 F.Supp.2d 770, 772 (S.D.N.Y. 2011) (Rakoff, J) (*citing Biglio v Coca-Cola Co.*, 448 F.3d 176, 179 (2d Cir. 2006)). The "availability of appropriate legal assistance" is a legitimate reason for choosing a forum, to which the Court should defer. *Id.*; *see also Medien Patent Verwaltung AG v. Warner Bros. Entm't, Inc.*, 749 F.Supp.2d 188, 191 (S.D.N.Y. 2010) ("[plaintiff] has articulated several legitimate reasons for selecting the Southern District of New York, including … the location of its preferred counsel."). Here, Plaintiff's counsel, Liebowitz Law Firm ("LLF"), has prosecuted over 2000 copyright infringement actions based on unauthorized use of photographs and therefore has unparalleled experience in the applicable field of law. Plaintiff, an individual of modest means, sought out the expertise of LLF to litigate against a company engaged in substantial business operations in this District, and registered in the State of New York. Thus, his choice of forum is legitimate and entitled to deference.

Moreover, "[t]he convenience of party and non-party witnesses is the most important consideration on a Section 1404(a) motion." *See Iyalla*, 2005 WL 1765707, at *5. "Although the convenience of party witnesses is worthy of consideration, the convenience of non-party witnesses is a more important factor." *Aquatic Amusement Associates, Ltd. v. Walt Disney World*, 734 Supp. 54, 57 (N.D.N.Y. 1990); *see also* Haig, Robert L., BUSINESS AND COMMERCIAL LITIGATION IN FEDERAL COURTS (Third) § 3:45, p. 281. Fn. 11 ("It is generally assumed that a corporate party can arrange for its employees to testify at trial (wherever held), so greater focus is placed on non-party witnesses.") To satisfy its burden, Defendant <u>must</u> identify the names of potential non-party witnesses who would be unavailable to testify in New York. Yet, Defendant has failed to identify *any* non-party witnesses; nor can it.

Accordingly, a transfer of venue in this case would serve no purpose other than to convey an unjustifiable tactical advantage to the corporate infringer.

<span style="margin-left:50%">Respectfully Submitted,</span>



        **/richardliebowitz/**
        Richard Liebowitz

        *Counsel for Plaintiff Matthew Benham*